# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **JILL VINCENT,** *Individually and o/b/o* Skyla Latour | **CIVIL ACTION NO. 08-00346** |
| **VERSUS** | **JUDGE HAIK** |
| **NORTH AMERICAN INS. CO.** **MICHAEL SANTROCK** **C.R. ENGLAND, INC.** | **MAGISTRATE JUDGE METHVIN** |

### *RULING ON PETITIONERS' MOTION*
### *FOR PROTECTIVE ORDER AND ON DEFENDANTS'*
### *MOTION TO COMPEL*
### (Rec. Docs. 22 and 33)

Before the court is plaintiff's motion for a protective order and defendants' motion to compel. Both relate to certain discovery and release forms which defendants seek from plaintiff. Plaintiff does not oppose the items sought, but wants defendants to execute a confidentiality

***Background and Argument***

Plaintiff asserts that the propounded discovery seeks "private and confidential information and for the execution of releases and authorizations which would permit the Defendants to obtain personal and confidential information."[1] Plaintiff complains the authorizations for release of medical records submitted by defendants for her signature, as written, would allow the defendants "to converse and communicate unilaterally with the Petitioner's treating physicians."[2] Plaintiff states that she asked defendants to execute a confidentiality agreement, which was submitted by plaintiff to defendants for their agreement,

---

[1] Petitioners' Motion for Protective Order, Rec. Doc. 22, p. 1.

[2] *Ibid.*, p. 1, citing Exhibits A and B.

but defendants refused to enter into the confidentiality agreement, necessitating the filing of the motion.

Plaintiff seeks entry of a protective order which would make her previous responses, and the responses defendants are still seeking (including information produced pursuant to the releases and authorizations), subject to an appropriate confidentiality order. Plaintiff also seeks an order requiring defendants to produce, without charge, copies of any documents they secure through the authorizations.

Defendants argue that the information sought is not privileged, and defendants are not required to enter into a confidentiality order to protect plaintiff's privacy. Specifically, defendants argue that Louisiana law of privilege is applicable in this matter, and under Louisiana law, when a person asserts a personal injury claim, they waive any privilege covering communications related to their health condition. Defendants also argue that plaintiff's concerns regarding defendants' ability to have direct, verbal communications with plaintiff's health care providers is unfounded, as the releases are HIPPA compliant and do not contain language allowing direct communication with plaintiff's health care providers. Moreover, ex parte communications with experts or another party are prohibited by Fed. R. Civ. P. Rule 26.

Defendants further argue that La. R.S. 23:291 permits sharing of employment information between employers, and plaintiff's reliance on <u>Eckstein Marine Service Inc. v. M/V Basin Pride</u>, 168 F.R.D. 38 (W.D.La.1996) and <u>Bernofsky v. Tulane University Medical School</u>, 1996 WL 198118 (E.D.La) is misplaced, as these cases concerned the discoverability of employment records of non-parties to the litigation, who did not waive any privilege by filing suit for personal injuries

Defendants argue that Fed. R. Civ. P. 26(c) does not require that protective orders be entered in an ordinary diversity auto tort cases, such as this one, where the information sought is not privileged. Specifically, defendants object that plaintiff's proposed confidentiality order is overbroad, as it does not have a clear definition of which documents are subject to the order, and overly burdensome, as it requires, *inter alia,* defendants to get permission to disclose documents to impeachment witnesses.

Defendants ask that in addition to denial of the motion for protective order, that the undersigned order the plaintiff to pay all costs and attorneys' fees incurred by defendants in opposing the motion.

*Applicable Law and Discussion*

Federal Rules of Evidence Rule 501 states that Louisiana law of privilege is applicable in this diversity matter, and defendants are correct that under Louisiana law the information sought is not privileged. Louisiana Revised Statutes 13:3734 (c) reads as follows:

> An action or proceeding described in Louisiana Evidence Code Article 510(B)(2) which constitutes an exception for a health care provider to testify at a trial on the merits also shall be an exception for purposes of any discovery method authorized by Article 1421 et seq. of the Louisiana Code of Civil Procedure.

Louisiana Code of Evidence Article 510(B) reads, in pertinent part, as follows:

> (1) **General rule of privilege in civil proceedings.** In a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives.
>
> (2) **Exceptions.** There is no privilege under this Article in a noncriminal proceeding as to a communication:

> (a) When the communication relates to the health condition of a patient who brings or asserts a personal injury claim in a judicial or worker's compensation proceeding.

Thus, defendants are correct that the medical information sought is not subject to a claim of privilege, as plaintiff has filed suit for personal injuries and under Louisiana law, has waived any applicable privilege in doing so. Neither are the employment records of plaintiff subject to any privilege – indeed, plaintiff does not argue specifically that any of the sought after information is privileged. Instead, plaintiff argues that <u>Eckstein Marine Service, Inc. v. M/V Basin Pride</u>, 168 F.R.D. 38 (W.D.La. 1996), and <u>Bernofksy v. Tulane University Medical School</u>, 1996 WL 198118 (E.D.La. 1996), offer support for plaintiff's request that defendants be ordered to enter into the confidentiality agreement submitted by plaintiff. However, as defendants pointed out, <u>Eckstein</u> and <u>Bernofsky</u> both were concerned with protecting the confidentiality of employment records of non-parties to the litigation – not plaintiffs.

Federal Rules of Civil Procedure 26(c) provides that a protective order may be entered "for good cause...to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." The plaintiff has not shown good cause entry of the confidentiality agreement as drafted. There is no indication by plaintiff that the information to be produced contains any unusually embarrassing materials in this ordinary personal injury action that would require the court to order defendants to enter into plaintiff's proposed confidentiality order.[3]

---

[3] The court notes there is nothing in this ruling that would prohibit the parties from entering into a more typical and mutually agreed upon confidentiality order if they so desire, but they will not be ordered to do so.

*Conclusion*

**IT IS ORDERED** that the Petitioners' Motion for Protective Order (rec. doc. 22) is **DENIED** and plaintiff shall produce the requested materials and releases within 5 business days of the date of this Order.

**IT IS FURTHER ORDERED** that the defendants' Motion to Compel Discovery (rec. doc 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that counsel for plaintiff shall pay defendants' reasonable expenses, including attorneys' fees, incurred in opposition the motion pursuant to Fed. R. Civ. P. 37(a)(5)(B).

**IT IS FURTHER ORDERED** that counsel for defendants shall file an affidavit of fees and expenses into the record no later that April 3, 2009, and plaintiff shall file any response thereto within 10 days. Failure to timely file the affidavit of fees and expenses into the record will result in dismissal of the claim for attorneys fees and expenses.

Signed at Lafayette, Louisiana, on March 25, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)